UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHANNON SPENCER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RXO, INC., a foreign profit corporation; RXO LAST MILE, INC., a foreign profit corporation; RXO CORPORATE SOLUTIONS, LLC, a foreign limited liability company; RXO FREIGHT FORWARDING, INC., a foreign profit corporation; RXO MANAGED TRANSPORT, LLC, a foreign limited liability company; and DOES 1-20,<br><br>Defendants. | No. 2:23-cv-01760<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>**[CLERK'S ACTION REQUIRED]**<br><br>**KING COUNTY SUPERIOR COURT CASE NO. 23-2-20256-2 SEA** |

TO:  Clerk, United States District Court for the Western District of Washington

AND TO:  Plaintiff, Shannon Spencer, and his attorneys of record.

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants, RXO, Inc., RXO Last Mile, Inc., RXO Corporate Solutions, LLC, RXO Freight Forwarding, Inc., and RXO Managed Transport, LLC (collectively, "**Defendants**"), hereby remove this action, currently pending in the Superior Court of Washington in and for the County of King, designated as Case Number 23-2-20256-2 SEA (the "**State Court Action**"), to the United States District Court for the Western District of Washington at Seattle. In support of this removal,

NOTICE OF REMOVAL TO FEDERAL COURT - 1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

Defendants state as follows:

## I.   INTRODUCTION

1. As set forth below, the case is properly removed to this Court under 28 U.S.C. § 1441 because the Court has jurisdiction over this action on the basis of diversity jurisdiction under 28 U.S.C. § 1332.

2. By filing this Notice of Removal, Defendants do not intend to waive, and hereby reserve, any objection as to venue, the legal sufficiency of the claims alleged in the State Court Action, and all other defenses. Defendants reserve the right to supplement and amend this Notice of Removal.

## II.   STATE COURT ACTION

3. On October 18, 2023, Plaintiff, Shannon Spencer ("**Plaintiff**"), on behalf of himself and all others similarly situated, filed a Class Action Complaint for Damages (the "**Complaint**") in King County Superior Court against Defendants.

4. In accordance with 28 U.S.C. § 1446(a), 28 U.S.C. § 1447(b), and CR 101(b), attached to the declaration of Todd Nunn, dated November 17, 2023 (hereinafter, the "**Nunn Decl.**") as Exhibit A, and filed with this Notice of Removal, are true and complete copies of all process, pleadings, and orders filed (or served) in the State Court Action, as verified by counsel. Nunn Decl., ¶ 3, Ex. A.

## II.   BASIS FOR REMOVAL: DIVERSITY JURISDICTION

5. This action is removable on the basis of diversity jurisdiction under 28 U.S.C. § 1332 because: (i) there is complete diversity between the named Plaintiff and Defendants; (ii) with over $75,000 in controversy.

**A.   Complete Diversity of Citizenship**

6. Plaintiff admits in his Complaint that he is a "resident of King County." *See* Ex. A., Compl. ¶ 8. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *Kantor v.*

NOTICE OF REMOVAL TO FEDERAL COURT - 2

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

*Wellesly Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Therefore, Plaintiff expressly alleges that he is a citizen of Washington State.

7. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c). A company's "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92 (2010).

8. Defendant RXO, Inc. is a Delaware for-profit corporation with its principal office located at 11215 North Community House Road, Charlotte, North Carolina. True and complete copies of the State of Washington's and the State of Delaware's Corporation Database listings are attached to the Nunn Decl. as <u>Exhibit B</u>. *See* Nunn Decl., ¶ 4, Ex. B.

9. Defendant RXO Last Mile, Inc. is a Georgia for-profit corporation with its principal office located at 1851 W. Oak Parkway, Suite 100, Marietta, Georgia. *See id*.

10. Defendant RXO Corporate Solutions, LLC is a Delaware limited liability company with its principal office located at 11215 N Community House Road, Charlotte, North Carolina. *See id*.

11. Defendant RXO Freight Forwarding, Inc. is a Delaware for-profit corporation with its principal office located at 290 Gerzevske Lane, Carol Stream, Illinois. *See id*.

12. Defendant RXO Managed Transport, LLC is a Delaware limited liability company with its principal office located at 263 Shuman Boulevard, Naperville, Illinois. *See id*.

13. Therefore, there is complete diversity between the named Plaintiff and Defendants.

**B.   Amount in Controversy**

14. While Defendants assert that Plaintiff has failed to state a legally tenable claim (or class) against Defendants and deny that Plaintiff (or any putative class member) is entitled to any relief, for purposes of jurisdiction only, in determining the amount in controversy, the Court must assume Plaintiff's allegations in the Complaint are true and that a jury will return a verdict for the

NOTICE OF REMOVAL TO FEDERAL COURT - 3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

Plaintiff on all claims in the Complaint. *See Cain v. Hartford Life & Acc. Ins.*, 890 F.Supp.2d 1246, 1249 (C.D. Cal. 2012) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe."). The amount in controversy is the total "amount at stake in the underlying litigation" which "includes any result of the litigation, excluding interests and costs, that 'entail[s] a payment' by the defendant." *Gonzalez v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016).

15. Although the Complaint does not set forth the dollar amount prayed for, and Defendants deny all liability alleged in the Complaint, if Plaintiff's claims were substantiated and completely successful, the aggregate amount in dispute would exceed $75,000.

16. Plaintiff alleges three (3) causes of action against Defendants, which include:

   a. Violation of RCW 49.58.100;
   b. Injunctive relief; and
   c. Declaratory relief.

*See* Ex. A, Compl.

17. Plaintiff seeks remedies under Wash. Rev. Code § 49.58.070 for actual damages or statutory damages of $5,000, whichever is greater, along with his attorneys' fees through final judgment. *See* Ex. A, Compl. ¶¶ 35, 37, 40, and the Section entitled "Request for Relief."

18. <u>Statutory Damages</u>. Plaintiff seeks $5,000 in statutory damages under RCW 49.58.070. *Id*.

19. <u>Attorneys' Fees</u>. Future attorneys' fees may also be included in the amount in controversy. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413 (9th Cir. 2018). In determining the amount in controversy for diversity jurisdiction, the removing party may estimate "anticipated but unaccrued" attorneys' fees at the time of removal. *Gonzalez v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 649 n.2 (9th Cir. 2016). A removing party may estimate plaintiff's counsel's potential recovery and can use, among other things, "[t]he amount of fees commonly incurred in similar litigation." *Adkins v. J.B. Hun Transp., Inc.*, 293 F.Supp.3d 1140, 1147 (E.D. Cal. 2018).

NOTICE OF REMOVAL TO FEDERAL COURT - 4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

20. Here, Plaintiff seeks recovery of his attorneys' fees under RCW 49.58.070. Based on cases where Plaintiff's counsel represented a plaintiff in similar class action litigation, a resolution of this matter is reasonably anticipated to result in a fee award to Plaintiff's counsel in excess of $75,000. *See* Nunn Decl., ¶ 5-8, Exs. C-F (approving class action fee awards to Emery Reddy, PLLC of $138,600, $204,848.83, $270,000, and $85,000).

21. Moreover, 100 hours is "an appropriate and conservative estimate" of expected hours in employment cases (*Adkins*, 293 F.Supp.3d at 1148) and is consistent with Plaintiff's counsel's declaration in a recent employment case where he reported that he individually incurred 113.4 hours at his billable rate of $725/hour, resulting in a fee award request of over $82,000 for his own time and $125,852.50 for all timekeepers at his firm (Nunn Decl., ¶ 9, Ex. G). Thus, based on the conservative estimate of 100 hours, multiplied by Plaintiff's counsel's hourly rate of $725, the attorney fee amount in controversy in this matter will very likely exceed the $75,000 threshold.

22. Defendants' inclusion of the attorneys' fees in calculating the amount in controversy is supported by a recent case where this Court found that Qdoba Restaurant Corporation adequately showed cause to support diversity jurisdiction based, in part, on expected attorneys' fee. *See Moliga v. Qdoba Restaurant Corporation*, Case No. 2:23-cv-01084-LK, Minute Order, entered August 25, 2023.

23. <u>Service Award</u>. Defendants further expect that Plaintiff will demand as much as $15,000 or $20,000 (in addition to any statutory damages) related to his role as class representative.

24. Thus, the amount in controversy exceeds $75,000.

### III.   NOTICE OF REMOVAL IS TIMELY FILED

25. Notice of removal must generally be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleadings setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of the

NOTICE OF REMOVAL TO FEDERAL COURT - 5

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

summons upon the defendant if such initial pleadings has then been filed in court and is not required to be served on the defendant, whichever period is shorter." *See* 28 U.S.C. § 1446(b).

26. Defendants were served in the State Court Action with a copy of the Summons and Complaint by personal service on their registered agents on, at the earliest, October 19, 2023. *See* Ex. A.

27. This Notice of Removal is being filed within 30 days of that date and is, therefore, timely filed pursuant to 28 U.S.C. § 1446(b).

### IV.     THE REMOVAL VENUE IS PROPER

28. Removal is properly made to the United States District Court for the Western District of Washington at Seattle under 28 U.S.C. § 1441(a), because the Superior Court for the State of Washington, County of King, where the State Court Action is currently pending, is within the Western District of Washington.

### V.     DEFENDANTS HAVE SUFFICIENT CONSENT

29. Defendants are not required to investigate the identity of the unnamed defendants nor to obtain their consent for removal. *See* 28 U.S.C. § 1441(a); *Necombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998). In any event, no Doe defendants have been served. Defendants are not required to obtain consent to remove from defendants who have not been served. *See Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984), superseded by statute on other grounds as stated in *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1392 (9th Cir. 1988). Therefore, Defendants have sufficient consent to remove the State Court Action.

### VI.     NOTICE TO PLAINTIFF AND STATE COURT

30. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being promptly served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Superior Court of the State of Washington, County of King.

NOTICE OF REMOVAL TO FEDERAL COURT - 6

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

**WHEREFORE**, Defendants respectfully requests removal of the State Court Action from the Superior Court of the State of Washington, County of King, to the United States District Court for the Western District of Washington at Seattle.

DATED November 17, 2023

K&L Gates LLP

By: *s/ Todd L. Nunn*
Todd L. Nunn, WSBA # 23267
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104-1158
Tel: +1 206 623 7580
Fax: +1 206 623 7022
Email: todd.nunn@klgates.com

*Attorney for Defendants*

NOTICE OF REMOVAL TO FEDERAL COURT - 7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

# CERTIFICATE OF SERVICE

I certify that on November 17, 2023, I caused the foregoing document to be served on the parties listed below in the manner indicated:

| | |
|---|---|
| Timothy W. Emery, WSBA #34078<br>Patrick B. Reddy, WSBA #34092<br>Paul Cipriani, WSBA #59991<br>Emery Reddy PLLC<br>600 Stewart Street, Suite 1100<br>Seattle, WA 98101<br>Phone: 206-442-9106<br>Email: emeryt@emeryreddy.com<br>        reddyp@emeryreddy.com<br>        paul@emeryreddy.com | ☒ Via U.S. 1st Class Mail<br>☐ Via Hand Delivery<br>☐ Via Overnight Delivery<br>☐ Via Facsimile<br>☒ Via Email<br>☒ E-Service |

DATED November 17, 2023, at Seattle, Washington.

By: *s/ Abigail D. Belscher*
Abigail D. Belscher, Practice Assistant
Abigail.Belscher@klgates.com

NOTICE OF REMOVAL TO FEDERAL COURT - 8

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON 98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**