The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHANNON SPENCER,

    Plaintiff,

v.

RXO, INC., *et al.*,

    Defendants.

NO. 23-cv-1760-BJR

**ORDER GRANTING MOTION TO DISMISS AND REMANDING CASE**

## I.    INTRODUCTION

The Equal Pay and Opportunities Act ("EPOA"), RCW 49.58, promotes pay equity in Washington State by addressing business practices that contribute to income disparities. On January 1, 2023, a revised provision took effect, which requires certain employers to disclose the wage scale or salary range, and a general description of other compensation and benefits, in each posting for an available position. RCW 49.58.110.[1] Employees and job applicants are entitled to remedies for violations of this provision, which may include statutory damages. *Id.* Within a few months, a few plaintiffs, represented by Emery Reddy, PLLC, filed multiple putative class-action lawsuits against

---

[1] A detailed statutory background may be found in this Court's decisions in related cases. *See, e.g.*, *Floyd v. Insight Global LLC, et al.*, 23-CV-1680-BJR, 2024 WL 2133370, at *1-2 (W.D. Wash. May 10, 2024); *Atkinson v. Aaron's LLC, et al.*, 23-CV-1742-BJR, 2024 WL 2133358, at *1-2 (W.D. Wash. May 10, 2024).

ORDER GRANTING MOTION TO DISMISS AND REMANDING CASE

- 1

various companies who had job postings that are alleged to be non-compliant with the EPOA job-posting provision. This case is one of 27 lawsuits with virtually identical complaints filed in King County Superior Court and subsequently removed to this Court by the defendants. This case was removed to this Court on November 17, 2023, and Defendant, RXO, Inc. ("RXO"), filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Mot., ECF No. 7. Having reviewed the materials[2] and the relevant legal authorities, the Court will grant the motion to dismiss for lack of subject matter jurisdiction and remand this case to King County Superior Court pursuant to 28 U.S.C. § 1447(c). The reasoning for the Court's decision follows.

## II.   BACKGROUND

On September 10, 2023, Shannon Spencer applied for a job opening as a Customer Service Representative with RXO. Compl. ¶¶ 8, 19; Ex. 1, ECF No. 2-1. He alleges that the job posting did not disclose the wage scale or salary range. *Id.* ¶¶ 18-20, 32-33. Mr. Spencer filed suit against RXO in the King County Superior Court on October 18, 2023. *Id.* at 8. He claims to represent more than 40 potential class members who also applied for jobs with RXO for positions that did not disclose the wage scale or salary range. *Id.* ¶ 18. Mr. Spencer asserts three causes of action: (1) Violation of RCW 49.58.110; (2) Injunctive Relief; and (3) Declaratory Relief." Compl. ¶¶ 31-40. He seeks statutory damages, costs, and reasonable attorneys' fees pursuant to RCW 49.58.070(1). *Id.* at 7-8.

RXO removed the case to this Court on November 17, 2023, on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a). Notice of Removal, ECF No. 1. RXO filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing primarily that Mr.

---

[2] Including the motion, ECF No. 7; response in opposition, ECF No. 17; and reply, ECF No. 27; together with multiple exhibits as well as related motions and responses.

ORDER GRANTING MOTION TO DISMISS AND REMANDING CASE
- 2

1   Spencer failed to sufficiently plead an injury-in-fact, and therefore, lacks Article III standing. Mot.

2   2, ECF No. 7. RXO also asserts that Mr. Spencer fails to state a plausible claim. *Id.* at 2-3.

### III.   DISCUSSION

Whether Plaintiffs have Article III standing to proceed with this lawsuit implicates the Court's subject matter jurisdiction. *See Warth v. Seldin*, 422 U.S. 490, 498 (1975) (stating that standing is jurisdictional). Even in a class action, "standing is the threshold issue . . . . If the individual plaintiff lacks standing, the court need never reach the class action issue." *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003).

"[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) ((citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561. Further, "each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Id.*

At issue here is the "[f]irst and foremost" of standing's three requirements—"a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998) (citations omitted).  RXO argues that Mr. Spencer fails to plead facts supporting an injury, and he does not have standing simply because the statute at issue "purports to authorize [him] to sue to vindicate [a] right." Mot. 5 (quoting *Spokeo Inc. v. Robins*, 578 U.S. 330, 338, 340 (2016)).

ORDER GRANTING MOTION TO DISMISS AND REMANDING CASE
- 3

This Court recently considered whether the specific statutory violation alleged in this case actually harms, or presents a material risk of harm, to a plaintiff's concrete interests when the plaintiff has not alleged that he applied for the posted position in good faith with a genuine interest in employment with the employer. *See Floyd v. Insight Global LLC, et al.*, 23-CV-1680-BJR, 2024 WL 2133370, at *5-8 (W.D. Wash. May 10, 2024); *Atkinson v. Aaron's LLC, et al.*, 23-CV-1742-BJR, 2024 WL 2133358, at *6-9 (W.D. Wash. May 10, 2024). The Court concluded that a violation of the statutory provision at issue here—a job posting with no compensation information included—is a technical or procedural violation that by itself does not manifest concrete injury but requires a bona fide applicant before there is a risk of harm. Plaintiffs must allege, at minimum, that they applied for the job with good-faith intent, and as such became personally exposed to the risk of harm caused by the violation.

Mr. Spencer, perhaps recognizing that the allegations in his complaint are deficient, provided a declaration with his response in opposition to the motion. Opp'n 4 (citing Spencer Decl., ECF No. 18). In his declaration, he included details of his job search, and a statement that he "applied to work for Defendants in good faith and remain[s] prepared to accept the Customer Service Representative position should Defendants extend an offer of employment that meets [his] salary and benefits requirements." Spencer Decl. ¶¶ 6-12, 15. For his case to survive at the dismissal stage, Mr. Spencer need only allege facts, accepted as true, that give rise to a reasonable inference that he suffered an injury sufficiently concrete for the purposes of Article III. *See Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1118 (9th Cir. 2017). Mr. Spencer's conclusory allegations in his complaint are insufficient. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988, *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001) ("Nor is the court required to accept as true allegations that are merely conclusory. . . ."). Although Mr. Spencer's declaration shows that he

ORDER GRANTING MOTION TO DISMISS AND REMANDING CASE
- 4

may be capable of amending his complaint to support standing, the Court does not consider his declaration as part of his pleading. *See Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (considering additional facts raised in plaintiff's opposition papers only for purposes of determining whether to grant leave to amend); Fed. R. Civ. P. 7. Because a plaintiff's lack of Article III standing implicates the Court's subject matter jurisdiction, *see Warth*, 422 U.S. at 498, this case will be remanded to King County Superior Court pursuant to 28 U.S.C. § 1447(c). The Court does not address the parties' additional arguments.

## IV.   CONCLUSION

For the foregoing reasons,

1. Defendants' Motion to Dismiss the Complaint, ECF No. 7, is GRANTED; and
2. This case is remanded to King County Superior Court.

DATED this 23rd day of May, 2024.

Barbara Jacobs Rothstein
U.S. District Court Judge